## UNITED STATES v. ARONOFF.

### No. 36.

Circuit Court of Appeals, Second Circuit.

Oct. 29, 1943.

Certiorari Denied Jan. 31, 1944.

See 64 S.Ct. 522.

Irving Spieler, of New York City (Samuel Mezansky, of New York City, of counsel), for appellant.

Mario Pittoni, of Lynbrook, N. Y., and Harold M. Kennedy, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The appellant raises only two grounds upon this appeal: (1) That the evidence did not sustain a verdict; and (2) that the court refused certain of his requests to charge. As to the first, the evidence justified a jury in finding the following facts. Two persons named Goldberg carried on a furniture business in Brooklyn under the name of the Famous Furniture Co. Inc. Later they bought the business of another similar company in Suffern, New York, which went by the name of B. Glass, Inc.; and, having sold out the existing stock in that place, they transferred thither a large quantity of their Brooklyn furniture, upon which they then borrowed $5,000, transferring the goods as security. The appellant, Aronoff, intervened at this stage, and in co-operation with one, Greenberg, was party to the removal of the furniture at Suffern to the premises of a company in Brooklyn—the Bergen Furniture Company—with which Greenberg was associated. The evidence was conflicting as to the value of the furniture which the Goldbergs sent to Suffern. Goldberg, the bankrupt's president, testified that it was worth $15,000, Dorman, the lender, that it was worth $14,500; but the bankrupt's books showed only a little more than $4,500 to have been shipped.

The appellant argues that since the Suffern furniture had passed to the mortgagee its concealment or transfer could have caused no loss to the bankrupt estate. Assuming the correctness of this position: i. e., that in order to charge the

appellant it was necessary to show that the bankrupt had some equity in the Suffern furniture, there was nevertheless a clear issue of fact to be decided; and the probability was strong that the mortgagee would not have lent $5,000, unless there had been a substantial equity. Moreover, quite independently of this transfer, the other Goldberg transferred a substantial parcel of goods from the Famous Furniture Co. in Brooklyn directly to Greenberg, at the premises of the Bergen Furniture Co., and the appellant was implicated in this transfer as well as in that from Suffern. The crime was abundantly proved, and the jury would have been plainly derelict, if it had brought in any other verdict.

At the conclusion of the charge the appellant made eleven requests; all of which, except one, the court declined. These were of the stereotyped kind; the judge had either already charged them in substance or they were of not the slightest importance.

Judgment affirmed.